IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELE HORSLEY,<br><br>Plaintiff,<br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,<br><br>Defendant. | Civil Action No.4:26 -cv-3326<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, Michele Horsley ("Plaintiff" or "Michele"), by and through her attorneys, Ari D. Riekes and the law firm Gross Welch Marks Clare, P.C., L.L.O., and for her causes of action against the Defendant, the Board of Regents of the University of Nebraska ("Defendant"), states as follows:

1. This is an action seeking redress for the violation of the rights guaranteed to the Plaintiff by the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§48-1101 et seq. ("NFEPA") and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., as amended ("ADA"), as a result of Defendant's unlawful discrimination and unlawful retaliation.
2. This Court has jurisdiction and venue as the Defendant's principal place of business is in Lancaster County, Nebraska and the events giving rise to Plaintiff's Complaint occurred in Lancaster County, Nebraska.
3. Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a Charge of Discrimination with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission and Plaintiff received her Right to Sue Letter from the EEOC.

4. Defendant is an employer as that term is defined pursuant to the applicable state and federal statutes set forth herein.

**FACTUAL ALLEGATIONS**

5. Plaintiff worked as a counselor for Defendant's CAPS department during the events giving rise to her Complaint.
6. Plaintiff has a condition of hearing loss, and at all times relevant, Defendant was aware of Plaintiff's disability.
7. In or around May 2024, after an informal staff meeting, Assistant Clinical Directors, John Goldrich and Katie Medlinger (hereinafter "Directors" or "Goldrich" or "Medlinger"), told Plaintiff that they did not like her "tone." Plaintiff explained that due to her disability, she did not always hear her own voice which could affect her "tone." In response, the Directors indicated they understood.
8. On April 16, 2025, Plaintiff attended a mandatory staff training during which Defendant arranged third-party presenters to provide information regarding eating disorders.
9. Due to Plaintiff's medical condition, she was unable to fully hear a statement made by a presenter. Plaintiff asked a clarifying question regarding this statement and repeated what she thought she heard back to the presenter.
10. On April 22, 2025, the Directors met with Plaintiff to discuss the April 16 training. During this meeting, the Directors reprimanded Plaintiff for her conduct and again criticized her tone.
11. Plaintiff explained that her clarifying question was prompted by her hearing loss and that her perceived tone was attributable to her inability to hear her own voice.
12. The Directors did not accept Plaintiff's hearing loss as a valid explanation and continued to reprimand Plaintiff regarding her tone.

13. Plaintiff informed the Directors that the repeated complaints about her tone made her feel "discriminated against and harassed" due to it arising from her disability.
14. Despite Plaintiff's repeated efforts to explain her disability to Goldrich, he continued to make complaints regarding Plaintiff's tone.
15. On another occasion, Goldrich mentioned to Plaintiff that telling others about her hearing loss would make her look weak.
16. On or about April 23, 2025, Plaintiff complained to Clinical Supervisor Tricia Besett-Alesch (hereinafter "Besett-Alesch") of the harassment she was experiencing, explaining that it was due to her disability.
17. As a result of Plaintiff's complaint to Besett-Alesch, a meeting was scheduled for May 2, 2025, with Plaintiff, Besett-Alsech, and the Directors.
18. At that meeting, Plaintiff was repeatedly yelled at and mocked. Instead of discussing Plaintiff's complaint of discrimination, Besett-Alsech informed Plaintiff of a complaint made against her by a student.
19. Additionally, on May 2, 2025, Goldrich emailed a letter to DHHS. The letter requested that Goldrich be removed from supervising Plaintiff and accused Plaintiff of being unable to receive "constructive feedback" and backdated his accusation 60 days to March.
20. On May 7, 2025, Plaintiff received her annual evaluation which reported that she "partially" met expectations with "concerns" noted.
21. Prior to the evaluation, Plaintiff was never reprimanded or coached regarding any alleged poor performance.
22. Defendant terminated Plaintiff on May 27, 2025, with the only reason provided for the termination being that she was an at-will employee.

23. Prior to Plaintiff's termination, Plaintiff accumulated approximately 3,000 hours of supervision needed for Plaintiff to get her independent licensure.
24. After Plaintiff's termination Defendant refused to sign-off on the supervised hours.
25. Plaintiff was placed on paid administrative leave through September 9, 2025.
26. On January 15, 2026, Plaintiff received a letter from Nebraska Department of Health and Human Services stating that she was being investigated and was at risk of losing her licensure.
27. Plaintiff has lost wages and employment benefits as a result of the termination. To date, the lost wages are approximately $43,000. Plaintiff's future lost wages are likely to be $5,000 a year.
28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, loss of income, future lost income, loss of benefits, emotional distress, and other damages recoverable under Nebraska and federal law.

## COUNTS I & II DISABILITY DISCRIMINATION – ADA & NFEPA

29. Plaintiff incorporates Paragraphs 1 through 28 as if fully set forth herein.
30. Defendant is a covered entity and employer under the ADA and the NFEPA.
31. Defendant's knowledge regarding Plaintiff's medical condition and resulting limitations was a motivating factor in Defendant's decision to terminate Plaintiff.
32. The unlawful employment practices complained of above were willful and intentional, and Defendant knew and showed reckless disregard for the fact that its conduct was prohibited by federal and state law.

33. As a result of Defendant's discrimination, Plaintiff has suffered damages in the form of lost wages and benefits, loss of future pay, benefits and retirement, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.
34. Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this matter.

## COUNTS III & IV UNLAWFUL RETALIATION – ADA & NFEPA

35. Plaintiff incorporates Paragraphs 1 through 34 as if fully set forth herein.
36. During her employment with Defendant, Plaintiff exercised her rights under the ADA and the NFEPA by having complained about being discriminated and harassed because of her disability and related limitations.
37. Following Plaintiff's complaint, Defendant interfered with Plaintiff's rights and took adverse employment action against her.
38. Defendant engaged in unlawful employment practice by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of her complaints of discrimination and harassment.
39. As a result of Defendant's retaliation, pursuant to the ADA and the NFEPA, Plaintiff is entitled to recover damages in the form of lost wages and benefits, and the loss of future pay, benefits and retirement.
40. As a result of Defendant's retaliation, pursuant to the NFEPA, Plaintiff is also entitled to recover for her emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.
41. Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this matter.

**DAMAGES**

42. Plaintiff incorporates Paragraphs 1 through 41 of this Complaint as if fully set forth herein.
43. As a result of Defendant's discriminatory conduct and its unlawful retaliation, Plaintiff has suffered damages and seeks the following relief:
    a. Back pay and lost benefits of at least $43,000;
    b. Loss of future pay and benefits;
    c. Pursuant to the NFEPA, and to the extent allowed under the ADA, compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;
    d. Attorney's fees;
    e. Reasonable costs;
    f. Pre-judgment and post-judgment interest; and
    g. For such other relief as the Court finds just and equitable.

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury.

Dated this __24__th day of September 2026.

Michele Horsley, PLAINTIFF

By: /s/ Ari D. Riekes
Ari D. Riekes. #23096
Gross Welch Marks Clare,
P.C, L.L.O.
1500 Omaha Tower
2120 S. 72nd Street
Omaha, Nebraska 68124
(402) 392-1500
ariekes@gwmclaw.com
Attorney for Plaintiff